IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-cv-01164 |
| v. ) | |
| ) | JUDGE NIXON |
| VANDERBILT UNIVERSITY ) | |
| MEDICAL CENTER, ) | MAGISTRATE JUDGE |
| ) | GRIFFIN |
| Defendant. ) | JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER # 1

Pursuant to LR 16.01(d), the following Initial Case Management Plan is entered.

1. JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims.

2. PLEADINGS: Defendant Vanderbilt University Medical Center was served May 28, 2014 and filed an answer on Wednesday, June 18, 2014.

3. BRIEF THEORIES OF THE PARTIES:

PLAINTIFF: Plaintiff has been employed as a pharmacist at Defendant Vanderbilt since 2004. Plaintiff is disabled within the meaning of the ADA, 42 U.S.C. § 12102(4) (A) & (B) with respect to her feet.

In August 2012, Plaintiff requested a reasonable accommodation to a seated position with walking and standing limited to 15 minutes per hour during the course of her treatment for a broken foot she suffered. Plaintiff's request for a reasonable accommodation to a seated position was denied and Defendant did not

1

engage with Plaintiff in an interactive process. Plaintiff was required by Defendant Vanderbilt to take FMLA leave. Plaintiff continued to request a reasonable accommodation to a seated position with walking and standing limited to 15 minutes per hour during the fall 2012. All of her requests were denied.

During the period that Plaintiff requested a reasonable accommodation there were staff pharmacist positions to which Plaintiff could have been assigned consistent with her limitations. Other staff pharmacists who had similar and/or comparable injuries who were provided informal accommodations by Plaintiff's supervisors that allowed them to continue working in their positions without being required to take FMLA leave.

Plaintiff exhausted her FLMA leave and was granted additional unpaid leave as a reasonable accommodation. Plaintiff was released to return to work without restrictions effective May 13, 2013, after which she returned to full-time work.

As a result of Defendant's failure to provide Plaintiff the reasonable accommodation she requested, Plaintiff has been damaged by loss of pay and emotional distress.

DEFENDANT:

Plaintiff was and is a pharmacist in the Vanderbilt Children's Pharmacy. When Plaintiff suffered a broken foot, Vanderbilt worked with her to accommodate her physical restrictions. But an essential job function for pharmacists in the Vanderbilt Children's Pharmacy is the ability to respond to codes and traumas in the Children's Hospital. And Plaintiff's restrictions prevented her from being able to perform this essential job function.

Nevertheless, Vanderbilt did, in fact, accommodate Plaintiff's restrictions. Specifically, Vanderbilt granted Plaintiff an extended leave of absence. For more than eight months, Vanderbilt held Plaintiff's position open while she was on leave, and promptly returned her to work when her doctor lifted her restrictions. In so doing, Vanderbilt went above and beyond its obligations under the Americans with Disabilities Act and Plaintiff's Complaint should be dismissed with prejudice.

4. ISSUES RESOLVED: Venue is admitted; jurisdiction over Plaintiff's federal claims is admitted.

5. ISSUES STILL IN DISPUTE: Liability and relief.

6. INITIAL DISCLOSURES: The parties shall exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) (1) on or before July 21, 2014.

7. DISCOVERY: The parties shall complete all discovery on or before January 30, 2015. Written discovery shall be propounded by December 23, 2014, so that responses will be in hand no later than January 30, 2015. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Magistrate Judge Griffin. All discovery related motions shall be filed by February 13, 2015.

8. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A subsequent case management conference shall be scheduled on November 11, 2014, at 1:30 p.m. The subsequent case management conference will be conducted by telephone with Plaintiff's counsel initiating the call.

9. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before September 5, 2014.

10. EXPERTS: By the close of business on February 13, 2015, the plaintiff shall declare to the defendant (not with the Court) the identity of any expert witnesses and provide all the information required by Fed. R. Civ. P. 26(a) (2) (B). Defendant shall declare the identity of its expert witnesses (not with the Court) and provide all information required by Fed. R. Civ. P. 26(a) (2) (B) by March 13, 2015. Any supplemental or rebuttal expert reports shall be served by the close of business on March 30, 2015. Depositions of experts shall be concluded by April 17, 2015.

11. JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before December 1, 2014.

12. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before May 15, 2015. Responses to dispositive motions shall be filed no later than twenty-eight (28) days after filing/service of the motion. Optional replies shall be filed no later than twenty (20) days after service/filing of the response to the motion. Barring court permission, briefs shall not exceed twenty-five (25) pages.

13. ELECTRONIC DISCOVERY: The Parties do not anticipate any issues relating to disclosures or discovery of electronically stored information. Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard copy form, as pst images, or in native format, at the election of the producing party, unless the requesting party establishes good cause for the documents to be produced in a particular form. Pursuant to agreement of the Parties, if privileged or protected information is inadvertently produced, the producing party may assert the privilege or protection and obtain the return of the materials without waiver.

14. ESTIMATED TRIAL DATE AND TIME: The trial date

is December 1, 2015. The estimated length of the trial is approximately three (3) days.

It is so ORDERED.

Dated this___day of July 2014.

_____<br>
JULIET GRIFFIN<br>
U. S. Magistrate Judge

Approved for Entry:

 s/ Irwin Venick
Irwin Venick (#004112)
Dobbins, Venick, Kuhn & Byassee
210 25th Avenue, North, Suite 1010
Nashville, TN 37203
(615) 321-5659
Irwinv@dvlawfirm.com

*Attorneys for Plaintiff*

 /s Kevin Klein
Kevin Klein (#23301)
The Klein Law Office, PLLC
814 Church Street, Suite 202
Nashville, Tennessee 37203
(615) 600-4780
Kevin.Klein@thekleinlawoffice.com

/s James Floyd
James Floyd (#16092)
Associate General Counsel
Vanderbilt University
2100 West End Avenue, Suite 750
Nashville, Tennessee  37203
(615) 322-8613
James.Floyd@vanderbilt.edu

*Attorneys for Defendant*