IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANA SMITH )
)
v. ) No. 3-14-1164
)
VANDERBILT UNIVERSITY )
MEDICAL CENTER )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' proposed initial case management order, with modifications addressed at the initial case management conference held on July 7, 2014. Those modifications and other matters addressed on July 7, 2014, are as follows:

1. Counsel for the parties shall convene a telephone conference call with the Court on **Tuesday, November 11, 2014, at 1:30 p.m.,** to be initiated by plaintiff's counsel, to address the status of the case, the potential for settlement, propriety of ADR, and any other appropriate matters.

2. All written discovery shall be propounded by December 23, 2014.

3. Any supplemental or rebuttal expert disclosures shall be served by March 30, 2015.

4. Because the parties do not anticipate significant discovery of electronically stored information and because they have reached basic agreement on production of e-discovery, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

As provided in the contemporaneously entered order, any dispositive motion shall be filed by May 15, 2015. Any response shall be filed within 28 days of the filing of the motion or by June 12, 2015, if the motion is filed on May 15, 2015. Any reply, if necessary, shall be filed within 20 days of the filing of response or by July 2, 2015, if the response is filed on June 12, 2015.[1]

---

[1] Although a 21 day time period to file the reply was addressed at the initial case management conference, the Court has changed the time period back to the originally proposed

No other filings in support of or in opposition to any dispositive motion shall be made after July 2, 2015, except with the express permission of the Honorable John T. Nixon.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, December 1, 2015, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties anticipate that the trial will last approximately three (3) days.

The parties are directed to contact Ms. Mary Conner, Courtroom Deputy to Judge Nixon, by no later than 10:00 a.m., on Monday, November 30, 2015, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, November 20, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By October 23, 2015, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By November 2, 2015, the parties shall file any motions in limine, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).[2]

Any responses to such motions in limine, and any responses to objections to deposition testimony and proposed exhibits shall be filed by November 13, 2015.

---

20 day time period because, if the response is filed on June 12, 2015, the last day to file the reply would have fallen on July 3, 2015, a holiday.

[2] The parties will not use experts in this case so no provision is included for filing Daubert motions.

By November 13, 2015, the parties shall also:

1. File a proposed joint pretrial order, which shall include:

    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;

    (b) a short summary of the plaintiff's theory (no more than one page);

    (c) a short summary of the defendant's theory (no more than one page);

    (d) a succinct statement of the relief sought;

    (e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

    (f) Any special trial procedural issues;

    (g) A summary of any anticipated evidentiary issues;

    (h) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and

    (i) The estimated length of the trial.

2. File pretrial briefs, including:

    (a) a concise statement of the facts;

    (b) a concise statement of the issues;

    (c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

    (d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

    (e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[3] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[4]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[3] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[4] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.